# DIN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Nadia Sherris,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CASE NO. 1:15-cv-9078 |
| **vs.** | ) |
| | ) |
| **City Colleges of Chicago** | ) |
| | ) **Jury Demand** |
| **Defendant.** | ) |
| | ) |
| | ) |

## COMPLAINT

NOW COMES Plaintiff, Nadia Sherris, and complaining against Defendant, City Colleges of Chicago, states for her Complaint as follows:

### NATURE OF CLAIM

This is an action seeking redress for Defendant's sexual harassment / gender discrimination and retaliation against Plaintiff based on Title VII of the Civil Rights Act of 1964 (42 U.S.C. Section 2000 (*et seq*). Defendant wrongfully terminated Plaintiff's employment on April 30, 2014 for pretextual reasons and was instead motivated by unlawful retaliation for Plaintiff's complaints of severe and pervasive sexual harassment by her General Manager.

### PARTIES

1. Plaintiff Nadia Sherris, (hereinafter "Sherris" or "Plaintiff") is a resident of Chicago, Illinois, which is in this judicial district. Plaintiff worked for City Colleges of Chicago ("City Colleges" or "Defendant") in the Catering Department in Chicago.

2. Defendant, City Colleges, is a municipal corporation registered to do business in Illinois. City Colleges gives students access to education and provides support to complete their program and move on to a further education or career.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this cause of action pursuant to Federal law. Jurisdiction over Plaintiff's federal claims is conferred by 28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising under laws of the United States.

4. Venue is proper in this district pursuant to the general venue statute, 28 U.S.C. §1391, because the unlawful employment practices or some parts thereof were committed in the region encompassing the Northern District of Illinois.

## PROCEDURAL REQUIREMENTS

5. Plaintiff has fulfilled all conditions precedent to the institution of this action by filling a charge of sexual harassment and retaliation with the Illinois Department of Human Rights ("IDHR") and EEOC on July 22, 2014. This Complaint ensues within 90 days of receiving the IDHR's Notice of Substantial Evidence. Plaintiff Sherris, through her counsel Michael S. Booher, received the right to sue on July 18, 2015.

6. The IDHR found substantial evidence of both sexual harassment and retaliation by Defendant. Regarding Plaintiff's charge of retaliation, the IDHR found as follows:

> On March 25, 2014, Complainant engaged in a protected activity when she filed an internal complaint of sexual harassment. Despite no history of counselling or disciplinary action, on April 30, 2014, Respondent discharged Complainant for allegedly failing to meet the expectations of

her position and for violating Respondent's policies. Because Respondent failed to counsel Complainant regarding her performance deficiencies before Complainant engaged in her protected activity, an inference can be drawn that Respondent discharged Complainant because of Complainant's internal complaint of sexual harassment.

## BACKGROUND

7. Plaintiff was employed by City Colleges as a caterer from January 16, 2014 until her termination on April 30, 2014.

8. Shortly after beginning her full-time employment, Plaintiff was subjected to continual and escalating sexual harassment by Jose Cervantes ("Cervantes"), her boss and General Manager of Defendant's Catering Department. Despite Plaintiff's repeated rejections of Cervantes' sexual harassing conduct, the inappropriate actions continued. The conduct included, for example:

- Grabbing Plaintiff's breasts on multiple occasions, despite her emphatic objections and vigorous rejections of his inappropriate touching;

- Coming up from behind Plaintiff and grabbing / pinching her rear end;

- Consistently remarking that Plaintiff had nice legs, looks better in tights, and had "a nice ass for a 37 year old";

- Instructing Plaintiff to show up at Cervantes' home to work on a day the catering business was closed (on or about February 22, 2014). Although both Plaintiff and Cervantes were supposed to go to a nearby café to work, Cervantes insisted she come up to his town home. Once there, Plaintiff refused to enter the premises and remained in the front hallway. Cervantes approached her, grabbed her coat, and attempted to unbutton it. After Plaintiff pushed Cervantes away, Cervantes thrust himself against Plaintiff, pressing his hips and groin against her. Plaintiff immediately left and worked from home that day.

- While Plaintiff was standing by a counter typing on a computer at the City Colleges facility on or about February 19, 2014, Jose came from behind her and again cupped her rear end. Plaintiff once again pushed him away.

- Cervantes repeatedly invited Plaintiff out for drinks after working together on weekends or after normal hours, particularly when Cervantes' wife was out of town (which he informed Plaintiff of). Cervantes consistently took advantage of the fact that he was working alone with Plaintiff, and made numerous sexual advances upon her. Plaintiff continually turned

his advances and requests to go out for drinks down (unless there were other employees present and attending).

- For example, the approximate third occasion of Cervantes grabbing Plaintiff's breast occurred in a car on the way to a work event entitled "For the Love of Chocolate." During that car ride, Cervantes again grabbed Plaintiff's breast in a sexual and inappropriate manner. In response, Plaintiff again pushed him away and yelled at him to "Cut it out!" Although Cervantes apologized for the incident and claimed he would stop, the sexually harassing conduct continued.

- On or about six (6) different occasions, Cervantes grabbed Plaintiff in the Kenney King College parking lot, lifted her up and grabbed her rear end.

9. Plaintiff found the severe and pervasive harassment by Cervantes offensive and she continually rejected the advances.

10. Plaintiff's job performance began to suffer as a result of the sexual harassing conduct by Cervantes. On or around March 10, 2014, Plaintiff asked Cervantes directly if he was treating her differently and ignoring her because she turned down his sexual advances. In response, Cervantes told Plaintiff he was sorry for the treatment as was going to resign from his position.

11. On or about the next day, and approximately two (2) weeks before Plaintiff filed her March 25, 2014 internal complaint of sexual harassment, Joyce Caron (Vice Chancellor of Business Enterprises) called Plaintiff into her office and indicated that someone at City Colleges had reported to Carson that Plaintiff was being sexually harassed. Plaintiff was aware that Cervantes had a lot of friends at City Colleges, and was afraid she would get in trouble if she submitted a complaint.

12. On March 25, 2014, Plaintiff submitted her internal complaint of sexual harassment after Cervantes continued to show up for work and gave no indication he was going to resign from his position. The complaint reported, for example, the above detailed conduct by Cervantes (see Paragraph 8).

13. Although City Colleges allegedly investigated Plaintiff's complaint, on April 10, 2014 City Colleges informed Plaintiff via letter that her allegations of sexual harassment were not confirmed. No further explanation or findings of the investigation were reported to Plaintiff during her employment, and City Colleges failed to implement remedial measures to prevent further sexual harassment.

14. On April 30, 2014, just over a month after Plaintiff submitted her internal complaint of sexual harassment, City Colleges terminated Plaintiff's employment.

15. City Colleges terminated Plaintiff in retaliation for her protected complaints of sexual harassment.

16. After applying for unemployment benefits, the Illinois Department of Economic Security determined that "[t]he evidence shows that Claimant [Nadia Sherris] was discharged from City Colleges of Chicago because she filed a sexual harassment suit."

## COUNT I: SEXUAL HARASSMENT

17. Plaintiff restates and reaffirms the allegations set forth in Paragraphs 1 through 16 of her Complaint as though fully set forth herein.

18. Despite continually objecting to and complaining about Cervantes' offensive remarks, sexual advances and inappropriate grabbing / touching, the sexual harassment continued.

19. Defendant City Colleges was aware of the sexually harassing conduct, but failed to take any appropriate corrective action.

20. After Plaintiff's internal complaint of sexual harassment was submitted on March 25, 2014, Defendant did not prevent Cervantes from managing Plaintiff up to and through the time of Plaintiff's termination on April 30, 2014.

21. The sexually harassing conduct was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiff's physical health, work performance and so as to create an intimidating, hostile and offensive working environment.

22. As a result of Defendant's sexual harassment, by and through its agent Jose Cervantes, including Defendant's failure to implement appropriate remedial measures, Plaintiff has suffered embarrassment, humiliation and mental and physical anguish in addition to attorney's fees.

**COUNT II: GENDER DISCRIMINATION**

23. Plaintiff restates and reaffirms the allegations set forth in Paragraphs 1 through 22 of her Complaint as though fully set forth herein.

24. During the course of Plaintiff's employment at City Colleges, the Defendant, by and through its agents and employees, discriminated against the Plaintiff in the terms, conditions, and privileges of employment in various ways, in substantial part because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq.

25. The above-described unwelcome sex discrimination created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiff's emotional and physical well-being.

26. Defendant City Colleges failed to adequately supervise, control, discipline, and/or otherwise penalize General Manager Jose Cervantes' conduct as described above.

27. As a result of Defendant's gender discrimination, by and through its agent Jose Cervantes, including Defendant's failure to implement appropriate remedial measures, Plaintiff has suffered embarrassment, humiliation and mental and physical anguish in addition to attorney's fees.

### COUNT III: RETALIATION

28. Plaintiff restates and reaffirms the allegations set forth in Paragraphs 1 through 27 of her Complaint as though fully set forth herein.

29. On April 30, 2014, City Colleges terminated Plaintiff's employment in retaliation for submitting her internal complaints of sexual harassment by General Manager Jose Cervantes.

30. Jose Cervantes severely and pervasively harassed Plaintiff despite her repeated demands to cease – and despite her multiple complaints about his conduct.

31. City Colleges failed to implement appropriate remedial action or discipline Cervantes for his wrongdoing against Plaintiff.  Instead, City Colleges terminated Plaintiff because of (or at least motivated by) her complaints about the continually occurring sexually harassing conduct.

32. As a direct and proximate result of Defendant's violation of Title VII of the Civil Rights Act of 1964, Plaintiff has incurred lost wages and benefits, back pay, front pay, any and all interest thereon, attorney's fees, and other monetary damages pursuant to 29 U.S.C. §2617.

WHEREFORE, Plaintiff, Nadia Sherris, respectfully prays for a judgment in favor and against Defendant, City Colleges of Chicago, with an award for such damages as may be proven at the time of trial, including but not necessarily limited to back pay, front pay, lost benefits, out of pocket pecuniary losses, reasonable attorney's fees, damage to reputation, emotional distress, humiliation, court costs, compensatory damages, punitive damages, pre- and post-judgment interest, and such other and further relief as this Court deems appropriate. Plaintiff also requests a JURY DEMAND.

October 13, 2015

                                      Respectfully submitted,

                                      /S Michael S. Booher
                                      Michael S. Booher
                                      Booher Law Firm, P.C.
                                      22 W. Washington St., Suite 1500
                                      Chicago, IL  60602
                                      312.450.7476 (office)
                                      312.268.5032 (fax)
                                      msb@booherlawfirm.com

                                      Attorney for Plaintiff Nadia Sherris